# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CROWLEY LINER SERVICES, INC.,
Defendant.

CASE NO. *CR 12-590 (DRD)*

## PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(C) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Scott D. Hammond,

Deputy Assistant Attorney General of the U.S. Department of Justice, Antitrust Division; Brent

Snyder, Michael Whitlock, and Heather Tewksbury, Trial Attorneys of the U.S. Department of

Justice, Antitrust Division; and defendant Crowley Liner Services, Inc. ("defendant") through its

counsel Samuel Rosenthal, William D. Coston, and Charles B. Lembcke, pursuant to Rule

11(c)(1)(C) of the Federal Rules of Criminal Procedure, to state to this Honorable Court that they

have reached an agreement, the terms and conditions of which are as follows:

### RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

      (a)     to be represented by an attorney;

      (b)     to be charged by Indictment;

      (c)     to plead not guilty to any criminal charge brought against it;

1

(d)     to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(e)      to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)     to appeal its conviction if it is found guilty; and

(g)     to appeal the imposition of a sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.     The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above.  The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c).  Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.  Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the District of Puerto Rico.  The Information

2

will charge the defendant with participating in a combination and conspiracy to suppress and eliminate competition by agreeing to fix base rates in particular contracts for certain Puerto Rico freight services, from in or about January 2006 until in or about April 2008, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.      The defendant, pursuant to the terms of this Plea Agreement and the Plea Agreement Supplement filed separately with the Court under seal, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

<u>**FACTUAL BASIS FOR OFFENSE CHARGED**</u>

4.      Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts against the defendant:

(a)      For purposes of this Plea Agreement, the "relevant period" is that period from in or about January 2006 until in or about April 2008.  During the relevant period, the defendant was a corporation organized and existing under the laws of the State of Delaware.  The defendant has its principal place of business in Jacksonville, Florida and offices in San Juan, Puerto Rico.  During the relevant period, the defendant provided water transportation for freight between the continental United States and Puerto Rico ("Puerto Rico freight services").  The defendant's Puerto Rico freight services transported for customers a variety of cargo shipments, such as heavy equipment, cargo that would not fit into containers, used cars, and liquids capable of being transported only in tanker containers, on scheduled ocean voyages between the continental United States and Puerto Rico.  For its Puerto Rico freight services, the defendant charged its customers

a price that consisted of a base rate and, at times, various surcharges and fees, such as a bunker fuel surcharge.

(b)     During the relevant period, the defendant, through at least one of its officers, within high-level personnel of the defendant, participated in a conspiracy with other providers of Puerto Rico freight services, a primary purpose of which was to suppress and eliminate competition by fixing the base rates charged to non-government customers in particular contracts for certain Puerto Rico freight services.  In furtherance of the conspiracy, the defendant, through at least one of its officers, engaged in discussions and attended meetings with representatives of other providers of Puerto Rico freight services. During these discussions and meetings, agreements were reached to fix the base rates to be charged to non-government customers in particular contracts for certain Puerto Rico freight services.

(c)     During the relevant period, water freight shipments provided by one or more of the conspirator carriers, and the vessels necessary to transport the water freight shipments, as well as payments for the water freight shipments, traveled in interstate commerce.  The business activities of the defendant and its co-conspirators in connection with the sale and provision of Puerto Rico freight services affected by this conspiracy were within the flow of, and substantially affected, interstate commerce.

(d)     Acts in furtherance of this conspiracy were carried out within the District of Puerto Rico.  The conspiratorial meetings and discussions described above took place in the continental United States and Puerto Rico.  Additionally, the Puerto Rico freight

services that were the subject of this conspiracy were sold by one or more of the
conspirators to customers in this District.

## POSSIBLE MAXIMUM SENTENCE

5.      The defendant understands that the statutory maximum penalty which may be
imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is
a fine in an amount equal to the greatest of:

(a)     $100 million (15 U.S.C. § 1);

(b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C.
§ 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the
conspirators (18 U.S.C. § 3571(c) and (d)).

6.      In addition, the defendant understands that:

(a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of
at least one year, but not more than five years;

(b)      pursuant to §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.,"
"Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the
Court may order it to pay restitution to the victims of the offense; and

(c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the
defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.      The defendant understands that the Sentencing Guidelines are advisory, not
mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing,

along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant and its directors, officers and employees have provided or may provide to the United States pursuant to this Plea Agreement or the Plea Agreement Supplement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.      Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence within the applicable Guidelines range requiring the defendant to pay to the United States a criminal fine of $17 million payable in installments as set forth below with interest accruing under 18 U.S.C. § 3612(f)(1)-(2) ("the recommended sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment

6

for any reason that is not set forth in this Plea Agreement.  The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)    The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1), that the fine be paid in the following installments: within thirty (30) days of imposition of sentence -- $2 million; at the one-year anniversary of imposition of sentence ("anniversary") -- $3 million; at the two-year anniversary -- $3 million; at the three-year anniversary -- $3 million; at the four-year anniversary -- $3 million; and at the five-year anniversary -- $3 million; provided, however, that the defendant shall have the option at any time before the five-year anniversary of prepaying any part of the remaining balance then owing on the fine.

(b)    The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(c)    Based on changes to the defendant's management and improvements in its corporate compliance program, both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(d)    The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in the Plea Agreement Supplement that is being filed under seal, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C.

§ 3553. The United States and defendant agree to request jointly that the Court accept

the defendant's guilty plea and impose sentence on an expedited schedule as early as the

date of arraignment, based upon the record provided by the defendant and the United

States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1.

The Court's denial of the request to impose sentence on an expedited schedule will not

void this Plea Agreement or the Plea Agreement Supplement.

9.      The United States and the defendant understand that the Court retains complete

discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea

Agreement.

(a)      If the Court does not accept the recommended sentence, the United States and the

defendant agree that this Plea Agreement, except for Paragraph 9(b) below, and the Plea

Agreement Supplement shall be rendered void.

(b)      If the Court does not accept the recommended sentence, the defendant will be free

to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant

withdraws its plea of guilty, this Plea Agreement, the Plea Agreement Supplement, the

guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim.

P. 11 regarding the guilty plea, this Plea Agreement, or the Plea Agreement Supplement,

or made in the course of plea discussions with an attorney for the government shall not be

admissible against the defendant in any criminal or civil proceeding, except as otherwise

provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its

guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations

period for any offense referred to in Paragraph 11 of this Plea Agreement shall be tolled

for the period between the date of the signing of the Plea Agreement and the date the

defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the

signing of the Plea Agreement, whichever period is greater.

10.      In light of the defendant's settlement of civil class action lawsuits filed against it

and pending civil lawsuits by companies that opted out of those settlements, which potentially

provide for a recovery of a multiple of actual damages, the recommended sentence does not

include a restitution order for the offense charged in the Information.

### GOVERNMENT'S AGREEMENT

11.      Upon acceptance of the guilty plea called for by this Plea Agreement and the

imposition of the recommended sentence, and subject to the Plea Agreement Supplement, the

United States agrees that it will not bring further criminal charges against the defendant or

Crowley Maritime Corporation, Crowley Liner Services Puerto Rico, Inc., Crowley Marine

Services, Inc., Crowley Puerto Rico Services, Inc., and Crowley Towing and Transportation Co.

(collectively "related entities") for any act or offense committed before the date of this Plea

Agreement that was undertaken in furtherance of an antitrust conspiracy involving the sale of

Puerto Rico freight services.  The nonprosecution terms of this paragraph do not apply to civil

matters of any kind, to any violation of the federal tax or securities laws, or to any crime of

violence.

12.      The defendant understands that it may be subject to administrative action by

federal or state agencies other than the United States Department of Justice, Antitrust Division,

based upon the conviction resulting from the Plea Agreement, and that this Plea Agreement and

the Plea Agreement Supplement in no way control whatever action, if any, other agencies may

take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental entity considering such administrative action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

13.    The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and the Plea Agreement Supplement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

14.    The defendant's decision to enter into this Plea Agreement and the Plea Agreement Supplement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement and the Plea Agreement Supplement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

15.    The defendant agrees that, should the United States determine in good faith, during the period that the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of Puerto Rico freight services and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party

10

is pending, that the defendant or its related entities have violated any provision of this Plea

Agreement or the Plea Agreement Supplement, the United States will notify counsel for the

defendant in writing by personal or overnight delivery or facsimile transmission and may also

notify counsel by telephone of its intention to void any of its obligations under this Plea

Agreement (except its obligations under this paragraph) or the Plea Agreement Supplement, and

the defendant and its related entities shall be subject to prosecution for any federal crime of

which the United States has knowledge including, but not limited to, the substantive offenses

relating to the investigation resulting in this Plea Agreement and the Plea Agreement

Supplement.  The defendant and its related entities agree that, in the event that the United States

is released from its obligations under this Plea Agreement and the Plea Agreement Supplement

and brings criminal charges against the defendant or its related entities for any offense referred to

in Paragraph 11 of this Plea Agreement, the statute of limitations period for such offense shall be

tolled for the period between the date of the signing of this Plea Agreement and six (6) months

after the date the United States gave notice of its intent to void its obligations under this Plea

Agreement or the Plea Agreement Supplement.

      16.    The defendant understands and agrees that in any further prosecution

of it or its related entities resulting from the release of the United States from its obligations

under this Plea Agreement or the Plea Agreement Supplement, because of the defendant's or its

related entities' violation of the Plea Agreement or Plea Agreement Supplement, any documents,

statements, information, testimony, or evidence provided by it, its related entities, or current

directors, officers, or employees of it or its related entities to attorneys or agents of the United

States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or

its related entities in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

17.    This Plea Agreement and the Plea Agreement Supplement filed separately with the Court constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement and the Plea Agreement Supplement cannot be modified except in writing, signed by the United States and the defendant.

18.    The undersigned is authorized to enter this Plea Agreement and the Plea Agreement Supplement on behalf of the defendant as evidenced by the Resolution of its Board of Directors attached to, and incorporated by reference in, this Plea Agreement.

19.    The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement and the Plea Agreement Supplement on behalf of the United States.

20.    A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement and the Plea Agreement Supplement. Multiple signature pages

///



are authorized for the purpose of executing this Plea Agreement and the Plea Agreement

Supplement.

DATED: As of June 5, 2012

Respectfully submitted,

**CROWLEY LINER SERVICES, INC.**

**ANTITRUST DIVISION**

BY: _____
    Samuel Rosenthal
    Patton Boggs, LLP
    2550 M Street, NW
    Washington, D.C. 20037
    Tel: (202) 457-6000
    Fax: (202) 457-6315

_____
William D. Coston
Venable LLP
575 7th Street NW
Washington, D.C. 20004
Tel: (202) 344-4813
Fax: (202) 344-8300

_____
Charles B. Lembcke
1300 Riverplace Blvd., Suite #605
Jacksonville, FL 32207
Tel: (904) 355-5467

Counsel for Crowley Liner Services, Inc.

BY: _____
    Brent Snyder, PR Attorney #G01209
    Heather S. Tewksbury, PR Attorney
    #G01507
    U.S. Department of Justice
    Antitrust Division
    450 Golden Gate Avenue
    Room 10-0101
    San Francisco, California 94102
    Tel.: (415) 436-6675
    Fax: (415) 436-6687

    Michael Whitlock, PR Attorney
    #G00801
    U.S. Department of Justice
    Antitrust Division
    450 Fifth Street, N.W., Suite 11300
    Washington, D.C. 20530
    Tel.: (202) 307-6694
    Fax: (202) 514-6525

